# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

ROBERT L. HUDSON

    Plaintiff,

v.

SHELBY COUNTY, TENNESSEE,          Case No. _____
SHELBY COUNTY DIVISION OF
CORRECTIONS, WILLIAM J.
GUPTON, JR., in his official capacity and
individual capacity, and ANTHONY
GUNN, in his official capacity and
individual capacity,                           **JURY DEMANDED**

    Defendants.
_____

## COMPLAINT
_____

    COMES NOW Plaintiff, Robert L. Hudson, and brings this civil rights action against his former employer, Defendants Shelby County, Tennessee, Shelby County Division of Corrections, his former Supervisor, Anthony Gunn, and his former Director, William Gupton, both in their official capacities and individual capacities.  Plaintiff, pursuant to 42 U.S.C. § 1983, seeks to remedy the Defendants' violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  As set forth herein, Plaintiff was subjected to an unlawful employment practice by Defendants when he was terminated by Defendant Gunn and Defendant Gupton from his employment because of his disability or because he was perceived as having a disability, denied a reasonable accommodation and without due process.

## I. PARTIES

1. Plaintiff, Robert L. Hudson, is a resident of Shelby County, Tennessee and a former corrections officer with the Shelby County, Tennessee, Division of Corrections. Plaintiff currently suffers from a complete loss of vision in his right eye and chronic renal failure.

2. Defendant Shelby County, Tennessee is a governmental entity in the State of Tennessee and is a public employer and the legal entity that operates the Shelby County Division of Corrections.

3. Defendant Shelby County Division of Corrections (SCDOC) is a public employer and is a major division of the Defendant Shelby County, Tennessee established under Shelby County Code of Ordinances § 2-152(4) and is located at 1045 Mullins Station Road, Memphis, Tennessee 38134.

4. Defendant William J. Gupton. Jr. is the director of the SCDOC and, at all times relevant hereto, had supervisory authority over Plaintiff. In his position as director of SDOC, Defendant Gupton has the final authority and is empowered to make employment decisions within the Division of Corrections. For his unlawful actions under the color of state law as described herein, Defendant Gupton is being sued in his official capacity as well as in his individual capacity.

5. Defendant Anthony Gunn is the Human Resources Manager of the SCDOC and, at all times relevant hereto, maintained supervisory authority over Plaintiff. He has the authority and is empowered to make employment decisions within the Division of Corrections. For his unlawful actions under the color of state law as described herein, Defendant Gunn is being sued in his official capacity as well as in his individual capacity.

## II. JURISDICTION AND VENUE

6. The Court has jurisdiction over Plaintiff's discrimination and due process claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

7. Venue is proper in this Court as all parties can be found in this District.

### III. STATEMENT OF FACTS

8. Plaintiff was hired by Defendant SCDOC on January 2, 2001 as a corrections officer. In this position, Plaintiff was responsible for, among other things, maintaining security and order in the Division of Corrections, observing and reporting conduct of inmates, operation of security floors, supervising the movement and transportation of inmates, maintaining control of areas within the prison, and controlling, restraining and maintaining disciplinary control over the inmates.

9. Throughout his employment with the SCDOC, Plaintiff has consistently met or exceeded expectations in his job performance as is evidenced by his performance evaluations and commendations.

10. In August 2010, Plaintiff underwent surgery to his right eye to correct uncontrolled intraocular pressures. Plaintiff's eye was saved by the surgery, but he lost all vision in his right eye.

11. As a result of this serious health condition, Plaintiff requested and was given FMLA protection for the leave he took after the surgery.

12. Plaintiff returned to work with no restrictions sometime in September, 2010.

13. Plaintiff underwent a second surgery to his right eye on April 13, 2011.

14. Plaintiff returned to work with no restrictions on or about April 16, 2011.

15. After the loss of vision in his right eye, Plaintiff continued to perform all the essential functions of his position as a corrections officer for over four years without requesting or needing an accommodation. During this time, Plaintiff's evaluations continued to meet or exceed expectations.

16. On December 10, 2014, Plaintiff went out on medical leave to have surgery on his right foot to correct damage he suffered as a result of a blood clot forming in his right leg.

17. On November 10, 2015, Plaintiff was cleared by his medical care provider to return to work with no restrictions. Plaintiff immediately presented his employer with the doctor's note returning him to work. Plaintiff requested a return to work on December 1, 2016.

18. On November 30, 2015, Plaintiff was informed by Defendant SCDOC that he would need to take a drug test on December 1, 2015. Plaintiff attended and complied with the drug test. Upon information and belief, the drug test returned no positive results for controlled substances.

19. After taking the drug test, Plaintiff again requested a return to work date. Instead, Plaintiff was informed he would be required to undergo a physical fitness examination.

20. On December 8, 2015, Plaintiff was sent by Defendant SCDOC to Concentra Medical Centers to undergo a physical examination. The "physical examination," performed by John Goodfred, D.O., consisted of blood being drawn from Plaintiff and an eye and a hearing test being administered.

21. On or about December 10, 2016, Concentra faxed the results of Plaintiff's physical to Defendants.

22. The week following his "physical examination" Plaintiff contacted Defendant Gunn about the results of the physical. Defendant Gunn refused to give Plaintiff any information, citing "HIPAA" as the reason. Gunn instructed Plaintiff go to the Shelby County Health Department to obtain a copy of his medical records.

23. On or about December 29, 2015, Plaintiff obtained a copy of his medical records and learned that, on December 8, 2015, Dr. Goodfred had returned his findings, on a Concentra form, to Defendants SCDOC, Gupton, and Gunn. On the form, Dr. Goodfred checked off a box indicating that Plaintiff was "unable to perform all essential functions as listed." The form

requested that the doctor "[p]lease list failed essential function(s)," however Dr. Goodfred failed to list any essential functions he contended Plaintiff could not perform.  Instead, Dr. Goodfred wrote at the bottom of the form: "1) CRF – on dialysis  2) No vision in right eye".

24. On or about December 29, 2015, Defendant Gunn advised Plaintiff that "[t]hey are not going to let you [Plaintiff] come back to work" at SCDOC.  When Plaintiff asked Defendant Gunn who "they" were, he received no answer.  Nor did Gunn provide a reason for refusing to return Plaintiff to work.

25. At no time did Defendants engage in an interactive process to determine whether Plaintiff could perform the essential functions of his position as a corrections officer with or without an accommodation.

26. Plaintiff maintains that he could and can perform all the essential functions of his position as a corrections officer without the need for accommodations.  Indeed, prior to going out for surgery to his foot, he performed the essential functions for nearly four (4) years successfully and without any performance issues.  Despite this, no attempt was made to accommodate Plaintiff or to learn if he needed an accommodation, to perform the essential functions of his position.

27. On or about May 23, 2016, Defendant Gunn sent Plaintiff correspondence, offering him a position as a maintenance utility worker with the SCDOC, a position for which Plaintiff was not trained, which presented Plaintiff with a demotion, and which offered a considerably lower salary than Plaintiff was making as a corrections officer.  No attempt at engaging in an interactive process with Plaintiff, or to accommodate Plaintiff within his department, was made by Defendants.

28. Defendants offered Plaintiff no appeal rights through the Civil Service Merit Board, nor was Plaintiff given notice or an opportunity to be heard on the reasons for his termination.

29. Plaintiff has been ready, willing and able to return to his position as a corrections officer with the SCDOC without restrictions or accommodations since December 1, 2015 and has been prevented from doing so by Defendants. Plaintiff is still ready, willing and able to return to that position without restrictions or accommodations.

30. Plaintiff is a qualified individual with a disability or, in the alternative, Defendants perceived Plaintiff as a qualified individual with a disability.

## IV. CAUSES OF ACTION

31. Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

32. Defendants' actions constitute unlawful disability discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983. Specifically, Defendant Gunn, with the knowledge, assent and concurrence of Defendant Gupton, terminated Plaintiff based upon his disability or the Defendants' perceived Plaintiff as being disabled. Upon information and belief, other non-disabled individuals have been returned to work from a medical leave of absence and have been treated more favorably than Plaintiff.

33. Defendants' actions constitute a failure to accommodate Plaintiff's disability and a failure to engage in an interactive process to determine whether Plaintiff could perform the essential functions of his position with or without accommodation in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

34. Defendants' actions constitute a deprivation of the Constitutionally protected property interests Plaintiff has in his employment, without notice or an opportunity to be heard, in

violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

35. As a direct and proximate result of Defendants' intentional and unlawful conduct toward Plaintiff, Plaintiff has and continues to lose significant wages and benefits and has sustained other pecuniary loss. Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation. Further, Defendant's intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer pain, humiliation, and embarrassment, as well as emotional distress.

36. Defendants' unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the constitutional rights of Plaintiff.

## V. PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff prays that the following relief be granted following a jury verdict in his favor:

1. An award of back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Reinstatement;

3. Front pay and the value of future lost benefits if reinstatement is not feasible;

4. Compensatory damages for emotional distress, loss of enjoyment of life, humiliation and embarrassment caused by Defendants in an amount to be determined by the jury;

5. Punitive damages against Defendants in amounts to be determined by the jury;

6. All costs, expenses, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under actions brought pursuant to 42 U.S.C. § 1983; and,

7. Such further legal and equitable relief as is deemed just and proper.

                Respectfully Submitted,

                /s/ James M. Allen

                JAMES M. ALLEN BPR 015968
                Attorney for Plaintiff
                ALLEN LAW FIRM, PLLC
                212 Adams Avenue
                Memphis, TN 38103
                901-321-0731 P
                901-321-0751 F
                jim@jmallenlaw.com